PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN CARTER, | ) | |
| | ) | CASE NO. 4:16-CV-851 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| S. MERLAK, FCI Elkton Warden, *et al*.,, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 1] |

*Pro se* Plaintiff Brian Carter, currently an inmate in the Federal Correctional Institution in Elkton, Ohio ("Elkton"), has filed this *in forma pauperis* action against Warden S. Merlak, Elkton's Medical Department Administrator, and the Federal Bureau of Prisons's "NE Regional Office Director."   ECF No. 1.  Plaintiff indicates in the caption of the Complaint (ECF No. 1) that he asserts mixed common law and equity claims against Defendants for "medical negligence, medical malpractice, & deliberate indifference."  ECF No. 1 at PageID #: 1.  He seeks  $2.4 million in damages and a "Rule 65 Order" enjoining Defendants "to provide [him with] the treatment which was initially diagnosed before [he] arrived at FCI Elkton."   ECF No. 1 at PageID #: 5, ¶¶ VI.1(A)–(B).

Plaintiff's claims concern the medical care he has received for "severe back pains[,] . . . injury and damage to his [left k]nee," and "foot problems."  ECF No. 1 at PageID #: 3, ¶¶ III.1–2.  Plaintiff alleges that he received a host of medical treatments, including knee surgery and

(4:16-CV-851)

epidural injections, for these problems before he was transferred to Elkton. *Id*. at ¶¶ III. 2, 5.

Because his knee and back problems persisted, he was approved to have additional procedures by

his prior prison's medical department. These additional procedures included consults with

orthopedic and podiatric specialists. ECF No. 1 at PageID #: 3, ¶¶ III. 4–5. Plaintiff

acknowledges that he was seen and evaluated by Elkton's medical department for his continued

problems after he was transferred to Elkton. ECF No. 1 at PageID #: 12. Plaintiff complains,

however, that the medical staff at Elkton did not approve the same additional treatment approved

for him in his prior prison. ECF No. 1 at PageID #: 3, ¶ III.6. Instead, the medical staff at Elkton

prescribed a more conservative treatment for him, beginning with pain medication and physical

therapy. ECF No. 5 at PageID #: 31. Plaintiff disagrees with the course of treatment approved

by the medical department at Elkton, asserting "[t]hey have forced me in their dilatory tactics to

start the whole process over again with pain medications that does [sic] not work, and physical

therapy that has never worked for me and which leave me in far worse shape in fact." ECF No. 1

at PageID #: 12.

### I. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it is frivolous or

malicious, fails to state a claim on which relief may be granted, or if it seeks monetary relief

against a defendant who is immune from such relief.

2

(4:16-CV-851)

In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Hill v. Lappin,, 470-71 (6th Cir. 2010)* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal, 556 U.S. 662 (2009)* and *Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007),* governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).  The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly, 550 U.S. at 555.*

## II. Law and Analysis

Upon review, the Court finds the Complaint (ECF No.1) must be dismissed because, even assuming the truth of Plaintiff's allegations, it does not plausibly suggest any viable federal civil rights violation.

### A. Deliberate Indifference

Plaintiff 's Complaint is insufficient to support a constitutional claim against Defendants. Failure to provide adequate medical care to a prisoner violates the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs.  *Estelle v. Gamble, 429 U.S. 97, 104 (1976).*  To make out a claim, the prisoner must demonstrate both objective and subjective components.  He must demonstrate that his medical condition posed a "substantial risk of serious harm" to him, and that the prison official in question acted with deliberate indifference to that risk.  *See Farmer v. Brennan, 511 U.S. 825, 828 (1994).*  "Deliberate indifference is

3

(4:16-CV-851)

characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citation omitted). "Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010). Allegations of medical malpractice or negligent diagnosis and treatment are insufficient to state an Eighth Amendment claim. *Jennings v. Al-Dabagh*, 97 F. App'x 548, 549-50 (6th Cir. 2004).

Plaintiff's allegations do not plausibly suggest that any Defendant was "deliberately indifferent" to his medical needs. His Complaint (ECF No. 1) and Supplement (ECF No. 5) make clear that he had regularly been seen and evaluated in Elkton's medical department for his chronic knee and back pain. It is also apparent that Elkton medical staff believe a conservative treatment plan, beginning with pain medication and physical therapy, is appropriate for him. Plaintiff wants the additional treatment course that was approved by a different prison's medical staff.

It is well-established that a prisoner's disagreement with the level of testing or treatment he receives does not rise to the level of a constitutional violation. *See Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) ("differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim"). *See also Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)

4

(4:16-CV-851)

("Where a  prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

While Plaintiff disagrees with Elkton's conservative treatment plan, it cannot be said that the treatment approved by the medical staff at Elkton is "so woefully inadequate as to amount to no treatment at all."  *See Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014) (where a prisoner has received some medical treatment, in order to state a constitutional claim, he must show that his treatment was "so woefully inadequate as to amount to no treatment at all").

Furthermore, Plaintiff has not alleged a plausible claim because he has not alleged facts suggesting that any Defendant had the subjective state of mind necessary to demonstrate deliberate indifference.  He does not allege how the Defendants were involved in decisions regarding his medical care.  His Complaint at the most suggests he seeks to impose liability on the Defendants on the basis of their supervisory authority over prison medical staff, or because they denied complaints or grievances about his care.  Prison officials, however, cannot be liable for constitutional deprivations of subordinates where their only alleged conduct is denying a prisoner's administrative grievance or failing to intervene on a prisoner's behalf.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Liability also cannot be imposed on supervisory officials solely on the basis of *respondeat superior*.  *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003).

Accordingly, Plaintiff's constitutional deliberate indifference claims fail to state a claim and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

5

(4:16-CV-851)

**B. Medical Negligence & Malpractice**

To the extent Plaintiff alleges state-law tort claims for medical negligence or malpractice, his Complaint must also be dismissed because he has not alleged facts sufficient to establish federal subject-matter jurisdiction. Plaintiff has not demonstrated the citizenship of the parties necessary to establish federal diversity jurisdiction. *See* 28 U.S.C. §1332.

### III. Conclusion

For the reasons stated above, Plaintiff's constitutional deliberate indifference claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff's state-law negligence and malpractice claims are dismissed without prejudice. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


  September 30, 2016                          */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                             United States District Judge

6